# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 06-CR-55-LRR |
| vs. | **ORDER** |
| DARNELL BROWN, JR., | |
| Defendant. | |

_____

The matter before the court is Defendant Darnell Brown, Jr.'s Objection (docket no. 187) to the Report and Recommendation (docket no. 166), in which a magistrate judge recommended that the undersigned grant in part and deny in part Defendant's Motion to Suppress (docket no. 144).

Defendant objects to the magistrate judge's finding that Defendant knowingly, voluntarily and intelligently waived his *Miranda* rights. *See United States v. Brown*, No. 06-CR-55-LRR, 2007 WL 581636, *4 (N.D. Iowa Feb. 20, 2007). Defendant points out that (1) he testified that the law enforcement officers did not tell him that he had a right not to talk to the officers and a right to have a lawyer present; (2) he declined to sign the *Miranda* form; and (3) he is illiterate and lacks a formal education.

The undersigned is required to "make a de novo determination of those portions of [the Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see, e.g., United States v. Uscanga-Ramirez*, 475 F.3d 1024, 1027 (8th Cir. 2007) (stating that de novo review is "required"). The undersigned "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The undersigned "may also receive further evidence or recommit the

matter to the magistrate judge with instructions." *Id.*

After conducting the required de novo review, the court finds that the government has proven, by a preponderance of the evidence, that Defendant knowingly, voluntarily and intelligently waived his *Miranda* rights. *See Colorado v. Connelly*, 479 U.S. 157, 168 (1986) (requiring the government to prove waiver of *Miranda* rights by a preponderance of the evidence). Officer Chip Joecken testified that he observed Officer Tony Robinson explain to Defendant his *Miranda* rights; both officers asked Defendant if he understood those rights; both officers asked Defendant if he would answer their questions; and Defendant agreed to do so. The court finds Officer Joecken's testimony credible. To the extent Defendant's testimony conflicts with Officer Joecken's testimony, the court finds that Defendant's testimony is not credible.

The court recognizes that Defendant did not sign the *Miranda* form, is illiterate and lacks a formal education. However, as the magistrate judge aptly observed:

> Defendant testified that, because he does not read or write, he was unwilling to sign any document for fear of "signing over his life." . . . . Despite his illiteracy, the defendant is an experienced user of the criminal justice system. He did not suggest in his testimony that there was any intimidation, coercion, or deception used by the police to get him to waive his *Miranda* rights. Months earlier, the defendant was in a similar situation and invoked his right to remain silent. Accordingly, this defendant is aware of the system and his ability to choose to be interrogated or remain silent. His rights were orally read to him and explained by Officer Tony Robinson. While the defendant refused to sign the waiver of *Miranda* warnings, his testimony made it clear that this was a product of his illiteracy, not a desire to invoke his right to remain silent.

*Brown*, 2007 WL 581636, at *2 & *4.

**IT IS THEREFORE ORDERED THAT:**

(1) Defendant's Objection (docket no. 187) to the Report and Recommendation (docket no. 166) is **OVERRULED**;

(2) The magistrate judge's Report and Recommendation (docket no. 166) is **ADOPTED**;

(3) Defendant's Motion to Suppress (docket no. 144) is **GRANTED IN PART AND DENIED IN PART**; and

(5) The time between the filing of Defendant's Motion to Suppress (docket no. 144) and the date of this Order is hereby excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**IT IS SO ORDERED.**

**DATED** this 15th day of March, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA