# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DARNELL BROWN, JR., Defendant. | No. CR06-0055-LRR ORDER |

This matter is before the court on the defendant's motion for appointment of counsel (docket no. 287). The defendant filed such motion on January 26, 2009. In the instant motion, the defendant asks the court to appoint an attorney to assist him with filing an action under 28 U.S.C. § 2255. Essentially, the defendant believes that an attorney is necessary to investigate issues that may be asserted under 28 U.S.C. § 2255. Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in actions that arise under 28 U.S.C. § 2255, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case); *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The Sixth Amendment does not extend to persons seeking post conviction relief." (citing *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964))). Generally, the court will not appoint an attorney until an action is filed; the court does not appoint attorneys to assist inmates with investigating or commencing an

action. Accordingly, the defendant's motion for appointment of counsel (docket no. 287) is denied.

**IT IS SO ORDERED.**

**DATED** this 26th day of January, 2009.

_____
JON STUART SCOLES
Magistrate Judge
UNITED STATES DISTRICT COURT