# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DARNELL BROWN, JR., Defendant. | No. CR06-0055-LRR<br><br>**ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

This matter comes before the court pursuant to its order dated March 11, 2015. In such order, the court addressed Amendment 782 (subject to subsection (e)(1)) and stated:

> [W]hile in prison, the defendant committed several serious violations over the last 7 years. Rather than rule on the motion under 18 U.S.C. § 3582(c)(2), the court deems it appropriate to monitor for 2 years the defendant's progress while in prison. In the event that the defendant participates in available programs and avoids altercations and disciplinary action, the court may grant a reduction under 18 U.S.C. § 3582(c)(2). At the conclusion of 2 years and without appointing an attorney or conducting a hearing, it is likely that the court will either enter an order that reduces the defendant's sentence or enter an order denying a reduction under 18 U.S.C. § 3582(c)(2).

Pursuant to the court's inquiry, the United States Probation Office reviewed the defendant's institutional adjustment. It maintains that the defendant has had no 100 or 200-level disciplinary violations and he has completed a total of 292 hours of GED-related programming and four-hours of check balancing-related programming. It is clear that the defendant's behavior while confined has dramatically improved. The defendant should continue to avail himself of available programming.

Based on the foregoing, the court concludes that a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and USSG §1B1.10 is justified. *See United States v. Curry*, 584 F.3d 1102, 1104 (8th Cir. 2009) (discussing *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997)) (explaining requirements under USSG §1B1.10(b)). Having reviewed the defendant's file, the provisions and commentary of USSG §1B1.10, the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment and the defendant's post-sentencing conduct, the court deems it appropriate to exercise its discretion and grant the defendant the maximum reduction permitted under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10.[1] The defendant's previously imposed 360 month term of imprisonment, as reflected in the judgment dated January 3, 2008, is reduced to 324 months imprisonment. The defendant's new sentence of 324 months imprisonment applies to count 1 of the indictment. Except as provided above, all provisions of the judgment dated January 3, 2008 remain in effect. The duration and conditions of the defendant's supervised release remain unchanged.

The clerk's office is directed to send and fax or email a copy of this order to the Federal Bureau of Prisons, that is, the place where the defendant, USM No. 09807-029, is currently incarcerated. The clerk's office is also directed to send a copy of this order to the defendant, the office of the Federal Public Defender, the office of the United States

---

[1] For purposes of the instant order, the court relied on the following determinations:

| Previous Offense Level: | 41 | Amended Offense Level: | 39 |
|---|---|---|---|
| Criminal History Category: | III | Criminal History Category: | III |
| Previous Guideline Range: | 360 months to life | Amended Guideline Range: | 324 to 405 months |

Attorney and the office of United States Probation.

**IT IS SO ORDERED**.

**DATED** this 22nd day of June, 2017.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA